COLONIAL SQUARE COOPERATIVE v CITY OF ANN ARBOR

Docket No. 247226. Submitted June 2, 2004, at Lansing. Decided August
     5, 2004, at 9:00 A.M. Leave to appeal sought.

   Colonial Square Cooperative and other housing cooperatives brought
     an action in the Washtenaw Circuit Court against the city of Ann
     Arbor challenging the validity of the definition of "transfer" in MCL
     211.27a(6)(j), and as used by the city of Ann Arbor to annually
     reevaluate the taxable values of the plaintiffs' entire parcels in
     proportion to the percentages of units transferred. The court,
     Melinda Morris, J., granted summary disposition for the plaintiffs
     and declared that § 27a(6)(j) was void for altering the intended
     definition of "transfer" in Const 1963, art 9, § 3. The defendant
     appealed.

        The Court of Appeals *held*:

        1. MCL 211.27a(6)(j) defines transfer of ownership as a con-
     veyance of an ownership interest in a cooperative housing corpo-
     ration. Const 1963, art 9, § 3 authorizes assessment when owner-
     ship is transferred as defined by law. Use of the phrase "defined by
     law" commits the definition of a qualifying transfer to the Legis-
     lature. Therefore, the Legislature did not violate art 9, § 3 when it
     expanded the definition of transfer to include a conveyance of a
     cooperative housing unit.

        2. The city's method of uncapping value by annual reevalua-
     tions of the whole parcels in proportion to the percentage of units
     transferred, however, is contrary to the plain meaning of Const
     1963, art 9, § 3.

        Affirmed in part and reversed in part.

1. TAXATION — REAL PROPERTY — HOUSING COOPERATIVES — TRANSFERS OF
     OWNERSHIP.

   The definition of transfer of ownership of taxable realty, for purposes
     of the constitutional provision that limits increases in taxable
     value of realty, is committed to the Legislature; the statute that
     includes conveyances of unit interests in cooperative housing
     corporations among transfers of ownership does not violate the
     Michigan Constitution (Const 1963, art 9, § 3; MCL 211.27a[6][j]).

2. TAXATION — REAL PROPERTY — HOUSING COOPERATIVES — TRANSFERS OF OWNERSHIP.

A municipality may not reevaluate the taxable value of an entire housing cooperative parcel in proportion to the percentage of units transferred (Const 1963, art 9, § 3).

*Sullivan, Ward, Bone, Tyler & Asher, P.C.* (by *David S. Snyder*), for the plaintiffs.

*Stephen K. Postema*, City Attorney, and *Kristen D. Larcom*, Assistant City Attorney, for the defendant.

Before: HOEKSTRA, P.J., and O'CONNELL and DONOFRIO, JJ.

O'CONNELL, J. Defendant city appeals of right from the trial court's order granting summary disposition to plaintiffs and declaring MCL 211.27a(6)(j) void as unconstitutional. We affirm in part and reverse in part.

## I. ISSUE

The central issue in this case is whether the city may annually increase the taxable value of an entire parcel of property when individual units in that parcel are transferred.

## II. FACTS

Our state constitution prohibits cities and other governmental entities from increasing a single parcel's taxable value by more than a certain percentage each year if the property does not change hands. Const 1963, art 9, § 3. Plaintiffs are housing cooperatives that ostensibly own only one parcel of property shared by many members, yet experience a turnover of members involving several units a year. The Legislature defined

these exchanges as transfers that allow reevaluation at the time of the exchange. The city adopted this definition as a means to reevaluate annually the cooperatives' entire parcel proportionate to the amount of turnover. Plaintiffs challenge the validity of the definition as contrary to the Michigan Constitution.

### III. APPLICATION

We first address whether Const 1963, art 9, § 3 forever preserves the pre-Proposal A meaning of a property transfer for tax assessment purposes or if it permits the Legislature to define which "transfers" of property will lead to reassessment based on the property's actual value. We will then evaluate the separate issue whether the city may constitutionally accomplish the reassessments and taxation in the manner it employed against plaintiffs.

The adoption of Proposal A on March 15, 1994, amended Const 1963, art 9, § 3. The amended section caps the annual increase in a property's taxable value, except that, "[w]hen ownership of the property is transferred as defined by law, the parcel shall be assessed at the applicable proportion of current true cash value." The trial court held that the phrase, "[w]hen ownership of the property is transferred" refers to transfers defined by property law as it stood when the amendment was incorporated into our Constitution. It therefore concluded that the Legislature overstepped its constitutional bounds when lawmakers newly decreed that "property is transferred" for reassessment purposes when an owner of a unit in a cooperative housing corporation transfers the unit. MCL 211.27a(6)(j). The trial court held that the new law unconstitutionally altered the intended, immortalized definition of "transfer." We disagree.

According to MCL 211.27a(6)(j), a transfer of ownership includes, "[a] conveyance of an ownership interest in a cooperative housing corporation, except that portion of the property not subject to the ownership interest conveyed." Plaintiffs claim that this break from a traditional understanding of "transfer of ownership" violates the constitutional section that prohibits reevaluation until "ownership of the property is transferred as defined by law." Const 1963, art 9, § 3. However, in *WPW Acquisition Co v City of Troy*, 466 Mich 117, 126; 643 NW2d 564 (2002), our Supreme Court pointed to the section's phrase, "transferred as defined by law," as an illustration that "the drafters of the proposal knew how to commit the definition of certain terms to the Legislature, in this instance, what constitutes a transfer." Because the phrase "defined by law" committed the definition of a qualifying transfer to the Legislature, the Legislature did not violate Const 1963, art 9, § 3 when it expanded the definition to include the conveyance of a cooperative housing unit. MCL 211.27a(6)(j).

However, a finding that the definition does not run contrary to the Constitution does not end our inquiry. In this case, the city failed to track the individual units transferred, but rather uncapped the value of the whole parcel in proportion to the percentage of units transferred. This the city cannot do. Only by happenstance would the city arrive at an evaluation that did not affect "that portion of the property not subject to the ownership interest conveyed." MCL 211.27a(6)(j). Moreover, annual reevaluations of an entire parcel of property run contrary to the Constitution's plain meaning because they impose increasing obligations on the units in a cooperative that have not been transferred. Const 1963, art 9, § 3. The city's current estimation approach veils which units, if any, the city actually reassessed. The

Constitution does not allow the city to reassess the entire parcel's value on the basis of a phantom reevaluation of the percentage of units transferred. Because of these shortfalls in the city's procedure, its application of the valid statute violated our Constitution.

Affirmed in part and reversed in part.

DONOFRIO, J., concurred.

HOEKSTRA, P.J., I concur in the result only.